Defendant moves to strike the bill of complaint because of its alleged failure to set forth (a) an equitable cause of action and (b) facts cognizable within a court of equity. Complainants not only oppose this motion but also assert in limine that the provisions of the vicinage rule, No. 128, subdivision G of the rules of this court, preclude the said motion being heard or considered at the chancery chambers in Hackensack, as noticed.
In support of their position, complainants assert, in substance, that the action is a transitory one, that their residence is in Montclair, that by reason thereof, based upon the holding of New York Central Railroad Co. v. Hudson County,117 N.J. Law 534; Broderick v. Abrams, 116 N.J. Law 40; NationalFire Insurance Co. v. Chambers, 53 N.J. Eq. 468; Guillander v.Howell, 35 N.Y. 657; McDougal v. Paige, 55 Vt. 187;45 Am.Rep. 602, the situs of the cause of action is in Essex county; and consequently, under the vicinage rule, the motion can be heard at Newark only.
But that contention not only is inapplicable to the question here under consideration but entirely overlooks and completely ignores the express language of the vicinage rule itself, which requires the application "to be made to a member of the court who regularly sits at chambers in or near the locality in which thecauses of action arise," and not, as complainant here would have it, in or near the locality of the situs of the cause of action after it has arisen.
From the allegation of the bill and the exhibits annexed thereto, it clearly appears that defendant has, ever since at least 1932, maintained its office and place of business in Paterson, at which place service of process in the present action was effected upon it and where the defaults, giving rise *Page 106 
to the present cause of action against it, occurred. Consequently, it was at Paterson and not Montclair that the present cause of action arose. Hackensack being in the same vicinage as Paterson, and the chancery chambers there located being more readily accessible than those at Newark, defendant's application to strike the bill of complaint is properly made before a member of the court who regularly sits at chambers in that city as well as in Paterson.
A consideration of the pleadings and the arguments of counsel requires that defendant's motion to strike be stood over under rule 69 to final hearing, and it will be so ordered.